UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FANNIE MAE,

    Plaintiff,

                                                   Case No. 12-12180
v.                                         Hon. Lawrence P. Zatkoff

REGINALD RAY LENTON EL,

    Defendant.

_____/

## ORDER

This matter is before the Court on Defendant's pleading, titled "Request for Reconsideration of Order Via Affidavit" [dkt 6]. Upon review of Defendant's filed pleading, Defendant argues for reversal of the Court's May 31, 2012, order, remanding this case to the 36th District Court of Michigan, based on Defendant's improper removal to this Court. The Court will construe Defendant's *pro se* pleading as a motion for reconsideration of the Court's May 31, 2012, order [dkt 4]. A such, pursuant to E.D. Mich. L.R. 7.1(h)(2), no response is permitted. The Court finds that the facts and legal arguments are adequately presented in Defendant's pleading such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(h)(2), it is hereby ORDERED that the pleading be resolved on the papers submitted. For the reasons set forth below, Defendant's "Request for Reconsideration of Order Via Affidavit" [dkt 6] is DENIED.

Local Rule 7.1(h) governs motions for reconsideration, stating that "the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. L.R. 7.1(h)(3). The same subsection further states, "[t]he movant must not only demonstrate a palpable defect by which the court and the

parties . . . have been misled but also show that correcting the defect will result in a different disposition of the case." *Id.* A defect is palpable when it is "obvious, clear, unmistakable, manifest, or plain." *Chrysler Realty Co., LLC v. Design Forum Architects, Inc.*, 544 F.Supp. 2d 609, 618 (E.D. Mich. 2008).

In the Court's May 31, 2012, Order, the Court determined that Defendant's removal of a state-court action to this Court was improper. In holding that the case must be remanded to the 36th District Court of Michigan, the Court stated, in relevant part:

> Defendant avers that removal is proper because the Court would have original jurisdiction based on diversity. Defendant, however, is precluded from removing to this Court on the basis of diversity because he is a citizen of Michigan. *See* 28 U.S.C. 1441(b)(2).

After review of Defendant's pleading, he fails to state a palpable defect by which the Court has been misled. In its May 31, 2012, Order, the Court made clear that Defendant's Michigan citizenship prevented him from removing the state-court action to this Court. Nothing in Defendant's recently filed pleading indicates that the Court was misled as to Defendant's Michigan citizenship (for purposes of diversity jurisdiction). Further, Defendant's pleading presents issues that the Court has reviewed and ruled upon in its original order, *see* E.D. Mich. L.R. 7.1(h)(3), and only indicates Defendant's disagreement with the Court's ruling. Such disagreement is not a proper premise on which to base a motion for reconsideration. *See, e.g.*, *Simmons v. Caruso*, No. 08-cv-14546, 2009 WL 1506851, at *1 (E.D. Mich. May 28, 2009); *Cowan v. Stovall*, No. 2:06-CV-13846, 2008 WL 4998267, at *2 (E.D. Mich. Nov. 21, 2008).

Accordingly, IT IS HEREBY ORDERED that Defendant's "Request for Reconsideration of Order Via Affidavit" [dkt 6] is DENIED.

IT IS SO ORDERED.

S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: June 20, 2012

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on June 20, 2012.

S/Marie E. Verlinde
Case Manager
(810) 984-3290